Moshe GOTTESMAN, Plaintiff,

v.

Thomas P. FISCHER, District Director of U.S. Immigration and Naturalization Service, Janet Reno, Attorney General of the United States, and the U.S. Immigration and Naturalization Service, Defendants.

Civil Action No. 1:95–CV–0451–WBH.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 13, 1996.

Dale M. Shwartz, Mark J. Newman, Troutman Sanders Law Firm, Atlanta, Georgia, Ira J. Kurzban, pro hac vice, Brian M. Torres, pro hac vice, Kurzban Kurzban & Weinger, Miami, FL, for Moshe Gottesman.

Jane Wilcox Swift, Office of U.S. Attorney, Atlanta, GA, Richard M. Evans, pro hac vice, U.S. Dept. of Justice, Immigration Litigation Office, Washington, DC, for Thomas P. Fischer.

## ORDER

HUNT, District Judge.

Plaintiff Moshe Gottesman is a citizen of Israel living in the United States. The U.S. Immigration and Naturalization Service ("INS") rescinded his permanent legal resident status, and plaintiff contests that decision. Defendants, INS, Thomas P. Fischer, District Director of INS, and Janet Reno, Attorney General of the United States, have filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## I. FACTS

The procedural and factual background of this case is somewhat confusing. Plaintiff is a citizen of Israel who first entered the United States in July 1983 as a non-immigrant visitor authorized to visit for six months. In January 1984, Gottesman met Tammie Michelle Holland, a United States citizen. Eight months later they married, and Holland filed a relative visa petition with the INS in order to permit Gottesman to remain in the United States as a lawful, permanent resident. The INS granted the petition.

A few months after obtaining permanent residency status, plaintiff relocated to South Carolina. Holland remained in New York. According to plaintiff, although he pleaded with Holland to join him in South Carolina, Holland experienced family problems and refused to join him. Eventually, Holland moved and left no forwarding address. Gottesman later filed for a divorce, alleging abandonment.

In 1989 defendant Fischer initiated proceedings to rescind plaintiff's lawful permanent resident status. Section 1255 of the Immigration and Naturalization Act ("INA") describes the circumstances under which a person can obtain permanent legal status, and section 1256 authorizes that "[i]f, at any time within five years after the status of a person has been otherwise adjusted under the provisions of section 1255 ... to that of an alien lawfully admitted for permanent residence, it shall appear to the satisfaction of the Attorney General that the person was not in fact eligible for such adjustment of status, the Attorney General shall rescind the action taken granting an adjustment of status." 8 U.S.C. § 1256. The regulations promulgated by the INS under the INA allow the district director to make this determination. 8 C.F.R. § 246.2.

In this instance, the INS argued that plaintiff's marriage to Holland was fraudulent because he married her merely to gain permanent legal status. The agency reached this conclusion after Gottesman told special agents of the Internal Revenue Service ("IRS") on March 19, 1987 that he entered his first marriage to become a legal resident. He repeated those assertions to the same IRS agents on April 14, 1987, and on April 18, 1987, Gottesman informed INS agents that he married Holland in order to obtain residency status. Complaint, Exhibit 6, ¶¶ 13–15. Plaintiff concedes that he made these statements, but contends that they were false statements made only to satisfy another woman he was dating whose family disapproved of his first marriage. He now maintains that his marriage to Holland was not fraudulent.

On September 8, 1989, defendant Fischer mailed a Notice of Intent To Rescind Adjust-

ment Status ("Notice of Intent") to Gottesman's last known address. The notice was returned undelivered. On September 15, 1989, the Notice of Intent was sent to another address, but again was returned undelivered. On October 16, 1989, INS Special Agent George Glass personally met with Gottesman to serve him with the notice.[1] At that meeting Gottesman executed a receipt, dated October 16, 1989, stating that he was personally served with the Notice of Intent. The Notice of Intent provided a return address for the INS and stated:

> [W]ithin 30 (thirty) days of the date of this notice you may file an answer, in writing and made under oath, setting forth the reasons why your adjustment of status should not be rescinded. You may also, in support of or in lieu of a written answer and within 30 (thirty) days of this notice, request a hearing before an immigration judge.

Complaint, Exhibit 1. The notice was dated September 15, 1989.

On November 16, 1989, thirty-one days after Gottesman met with Agent Glass, the INS received a written answer from Gottesman's attorney via Federal Express. The answer included a letter from plaintiff's attorney in which the attorney denied that plaintiff's marriage to Holland was fraudulent and requested that the INS withdraw the Notice of Intent or schedule a Rescission Hearing before an immigration judge, and a sworn affidavit executed by the plaintiff in which he acknowledged that he was served with the Notice of Intent on October 16, 1989 and explained that he lied to the IRS and INS agents because his then girlfriend did not approve of his prior marriage. Complaint, Exhibit 6.

Also on November 16, 1989, defendant Fischer issued a Notice of Rescission of Permanent Resident Status ("Rescission Order") to Gottesman because Gottesman did not file an answer or request a hearing during the allotted thirty day time period. The Rescission Order explained that INS regulations provide that the agency shall rescind the adjustment of status if there is no timely response. The Rescission Order also informed plaintiff that there is no appeal from that decision. Complaint, Exhibit 7. The Notice of Rescission specifically referred to 8 C.F.R. § 246.2 which states that "if no answer is filed within the thirty-day period, or if no hearing is requested within such period, . . . the district director shall rescind the adjustment of status previously granted, and no appeal shall lie from his decision." 8 C.F.R. § 246.2.

Gottesman filed a motion to reopen the rescission proceedings on November 22, 1989. INS regulations require that "[a] motion to reopen will not be granted by a special inquiry officer unless he is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing." 8 C.F.R. § 246.8. In plaintiff's motion, his attorney explained that the filing of the answer on the thirty-first day was inadvertent and unintentional. On December 11, 1989, Fischer denied the motion to reopen the rescission proceedings. Fischer explained that plaintiff did not file an answer or request a hearing within the thirty day time period and noted that plaintiff never requested an extension of time. Fischer added further:

> In light of the fact that [plaintiff] willfully violated the terms of his admission by working illegally in the United States, that he admits to lying to his spouse and that he claims to have lied to three government agents, it is reasonable to question the integrity of the [plaintiff's] statements in his motion.

Complaint, Exhibit 8.

After the INS sent the Rescission Order, it issued an Order to Show Cause, and a deportation hearing was scheduled before an immigration judge for June 27, 1990. Two days before the hearing, on June 25, 1990, plaintiff filed a second motion to reopen the rescission proceeding. In this second motion plaintiff alleged that he had orally requested a rescission hearing from Agent Glass at their October 16, 1989 meeting when he was issued the

---

1. Plaintiff claims that, prior to 1989, he was contacted by the INS through Special Agent George Glass to provide information concerning Israeli nationals in South Carolina.

Notice of Intent. Prior to filing the second motion, plaintiff never alleged that he had requested a hearing.

The deportation hearing took place on June 27, 1990. The immigration judge found he lacked jurisdiction to reconsider the district director's decision to rescind plaintiff's permanent residence status and ordered plaintiff's deportation. Defendants' Memorandum in Support of Their Motion to Dismiss the Complaint ("Defendants' Memorandum"), Exhibit B. Gottesman appealed the immigration judge's decision to the Board of Immigration Appeals ("BIA"). Before the BIA, plaintiff also sought to terminate the deportation proceedings because his second motion to reopen the rescission proceedings was still pending. In his brief supporting his notice of appeal, plaintiff argued that he was shown a Notice of Intent at the October 16, 1989 meeting with Agent Glass, but that he was not provided with a copy of the Notice of Intent. He claimed he was again served with a Notice of Intent a few days after his meeting with Glass when a copy of the Notice of Intent was sent to him by mail. The BIA declined to terminate the proceeding, affirmed the decision of the immigration judge, and refused to review the district director's decision to rescind plaintiff's status.

Following the BIA decision, Gottesman filed an appeal with the United States Court of Appeals for the Fourth Circuit. *See Gottesman v. United States I.N.S.*, 33 F.3d 383 (4th Cir.1993). Before the Fourth Circuit plaintiff first challenged Fischer's decision to rescind his permanent resident status. The court decided, however, that it lacked jurisdiction to review the rescission order because the decision to rescind plaintiff's status was not a final deportation order. *Id.* at 386. Section 1105(a) of the INA provides courts of appeals with exclusive jurisdiction over "final orders of deportation." 8 U.S.C. § 1105(a). Plaintiff also questioned the BIA's decision not to terminate deportation proceedings while his second motion to reopen the rescission proceedings was pending. The court noted that "motions [for reopening immigration proceedings] are especially suspect when they are generated years after the

challenged order was issued and only days before a further proceeding is scheduled to begin." *Gottesman*, 33 F.3d at 388. The court observed that "by waiting until October 1993 to file his second motion to reopen the November 1989 rescission proceedings, Gottesman attempted to maximize the delay of his deportation." *Id.* The Fourth Circuit concluded that the BIA did not abuse its discretion by declining to terminate the proceedings. Plaintiff also challenged the BIA's decision to deny him a voluntary departure or suspension from deportation, but the court affirmed the BIA's ruling. *Id.* at 389.

The action before this Court includes three counts. In Count One, plaintiff repeats the allegation first made in his second motion to reopen the rescission proceedings, that he orally requested a hearing at the October 16, 1989 meeting with Glass. He contends that Fischer abused his discretion by failing to grant a hearing in response to that oral request, did not comply with INS regulations, and violated plaintiff's due process rights.

In Count Two, plaintiff alleges that, although he was shown the Notice of Intent at the October 16, 1989 meeting, he was not provided with a copy of the Notice of Intent at that time. He contends he was served a second time when he received a copy of the Notice of Intent by mail. He claims that his answer filed on November 16, 1989 was therefore not untimely and that Fischer abused his discretion, acted contrary to INS regulations, and denied plaintiff's due process rights when he issued the rescission order.

Finally, in Count Three, plaintiff notes that, even when viewing the facts as defendants suggest, his answer to the Notice of Intent was filed only one day after the thirty day deadline. Consequently, plaintiff contends it was an abuse of discretion to deny his request for a hearing. He also argues that Fischer abused his discretion by failing to rule on plaintiff's second motion to reopen the proceedings.[2]

---

2. In September of 1991, Gottesman married Margo Kranz Gottesman, a United States citizen.

## II. MOTION TO DISMISS

When evaluating a motion to dismiss, the Court must assume that all facts pleaded by the plaintiff in the complaint are true and must draw all inferences in a light most favorable to the plaintiff. *Fortner v. Thomas,* 983 F.2d 1024, 1027 (11th Cir.1993). Defendants argue that plaintiff's complaint should be dismissed on two alternative grounds. First, pursuant to Rule 12(b)(1), defendants assert that the Court lacks subject matter jurisdiction. *See* Fed.R.Civ.P. 12(b)(1). Second, pursuant to Rule 12(b)(6), they contend that plaintiff fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Plaintiff asks the Court to review the district director's decision not to grant Gottesman a rescission hearing and his decision not to reopen the proceedings. In summary, plaintiff argues in Count One that he should have been granted a hearing because he orally requested a hearing with Glass during the thirty day period. In Count Two, plaintiff claims he should have been granted a hearing because his written request for a hearing, submitted by his attorney, was timely since it was received within thirty days from the date on which plaintiff alleges that he received a copy of the Notice of Intent by mail. In Count Three, Gottesman claims that he should have been granted a hearing because his written request for a hearing, sent by his attorney, was received only one day after the conclusion of the thirty day period.

Defendants maintain, however, that this Court lacks jurisdiction to review the agency's decision. The regulations issued by the INS specify that the district director must rescind the permanent resident status of an individual who does not file an answer or request a hearing within the thirty day allotted period. 8 C.F.R. § 246.2. Moreover, the regulations indicate that there shall be no appeal from that decision. *Id.* Accordingly, defendants argue that this Court lacks jurisdiction to review the rescission order. Plaintiff proposes a different interpretation of the INS regulation. He contends that this regulation should be interpreted to exclude only administrative appeals, such as appeals to the immigration judge and the

BIA. However, plaintiff reasons, the federal district court has jurisdiction to review this decision because federal agency action is judicially reviewable unless Congress clearly intended otherwise. *See Greenwood Utilities Comm'n v. Hodel,* 764 F.2d 1459, 1463 (11th Cir.1985) ("Judicial review, . . ., is the rule and nonreviewability is a narrow exception which must be clearly demonstrated.")

In support of their interpretation, defendants rely on *Ali v. Reno,* 829 F.Supp. 1415 (S.D.N.Y.1993), *aff'd* 22 F.3d 442 (2d Cir. 1994), a decision of the Southern District of New York which was affirmed by the Second Circuit. In *Ali,* an Egyptian cleric sought review of the BIA's order dismissing appeal from the immigration judge's decision that he lacked jurisdiction to review the district director's order rescinding Ali's permanent residency status. The district director had issued a Notice of Intent, informing Ali that he had thirty days in which to file an answer or request a hearing. During the thirty day period, Ali's attorney requested sixty days to respond to the notice, but the INS never acknowledged that request. After the conclusion of the thirty day period, Ali's attorney notified the INS that she no longer represented Ali. The district director then issued a Rescission Order, pursuant to 8 C.F.R. § 246.2, explaining that the district director was required to rescind Ali's permanent legal residency status because Ali had failed to respond to the Notice of Intent within the allotted time period. *Id.* at 1420–21. The immigration judge concluded that he lacked jurisdiction to review the rescission order. *Id.* at 1424. The BIA affirmed that decision and concluded that it, too, lacked jurisdiction to review the rescission order. *Id.*

Before the district court, Ali challenged the validity of the rescission order. The district court agreed that the immigration judge and the BIA lacked jurisdiction to review the rescission order, explaining that "such a request, if made at all, would have to be made to the District Director directly, in the form of a motion to reopen." *Id.* at 1425. Ali had filed a motion to reopen to the district director, but the director denied the motion after finding that his attorney's letter

requesting sixty days to respond was not a proper answer. *Id.* The district director "never addressed the issue of whether justice and fairness required that [Ali] should be relieved of the default, because this was not urged." *Id.* The district court decided that the district director did not abuse his discretion when he denied the motion to reopen. *Id.* After carefully reviewing, *Ali,* this Court concludes that the Ali court did not state that it lacked jurisdiction to review the district director's decision to deny the motion to reopen, as defendants argue. To the contrary, the district court reviewed the director's decision under an abuse of discretion standard. *Id.*

At least one other court has held that federal district courts have jurisdiction to review the propriety of a rescission order "when that decision is not made in conjunction with a final order of deportation." *Baria v. Leno,* 849 F.Supp. 750, 754 (D.Haw. 1994) (citing 8 U.S.C. § 1329). However, *Baria,* cited by both plaintiff and defendants, does not directly address the situation before the Court. Baria, unlike Gottesman, made a timely request for rescission hearing. *Id.* at 751. A hearing was held before the BIA, and Baria sought review of the BIA decision in federal district court. Significantly, the issue discussed in *Baria* was not whether the rescission order was reviewable in the federal court system, but instead, whether the order was reviewable by the district court, rather than by the court of appeals. The court concluded that district court had jurisdiction. *Id.* at 754.

 The INA provides that courts of appeals have exclusive jurisdiction over "all final orders of deportation" made pursuant to deportation hearings. 8 U.S.C. § 1105(a). The INA also states, however, that federal district courts have "jurisdiction over all causes, civil and criminal, arising under any of the provisions of this subchapter." 8 U.S.C. § 1329. The subchapter referred to includes provisions concerning the rescission of an adjustment of status to a permanent legal residence. *See* 8 U.S.C. § 1256. The delineation between the jurisdiction of these

two segments of the judicial branch in deportation matters is cause for some confusion, although that issue is not addressed by the parties to this case. The exclusive jurisdiction of the courts of appeals includes "any attack upon the proceeding in which a deportation order was entered or upon any matter 'intimately and immediately associated' with the final order or 'governed by the regulations applicable to the deportation proceeding itself, and ... ordinarily presented to the special inquiry officer who entered the deportation order.'" *Haitian Refugee Center v. Smith,* 676 F.2d 1023, 1032 (5th Cir.1982) (quoting *Cheng Fan Kwok v. INS,* 392 U.S. 206, 217, 88 S.Ct. 1970, 1977, 20 L.Ed.2d 1037 (1968)). Decisions that are not tied to the final deportation order are reviewable by the district court. *Id.*

Here, plaintiff does not request review of the final order of deportation. He challenges the preliminary decision by the district director to deny him a rescission hearing and to deny his motion to reopen and claims that the district director abused his discretion by failing to follow its own regulations which provide that a rescission hearing may be requested within thirty days after the Notice of Intent is served. The Eleventh Circuit explains that "[f]ederal courts ... have jurisdiction to review allegations that agency officials have acted outside their statutory authority." *Haitian Refugee Center, Inc. v. Nelson,* 872 F.2d 1555, 1560 n. 9 (11th Cir. 1989), *aff'd* 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991); *see also Jean v. Nelson,* 727 F.2d 957, 966 n. 11 (11th Cir.1984), *aff'd* 472 U.S. 846, 105 S.Ct. 2992, 86 L.Ed.2d 664 (1985) (explaining that judicial review is not precluded in the immigration area and that federal courts have jurisdiction to determine if an agency complies with its statutory and regulatory limitations). Therefore, this Court finds that it has jurisdiction to review plaintiff's claims.[3]

 Nevertheless, although the Court has jurisdiction to review the agency's non-final deportation decision, some matters raised by plaintiff in his complaint are not properly

---

3. In reaching this decision, the Court recognizes that the Fourth Circuit declined to review the

rescission order because it was not a final deportation order. *Gottesman,* 33 F.3d at 386.

before the Court. As the Supreme Court explained in *United States v. L.A. Tucker Truck Lines, Inc.,* 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952), "orderly procedure and good administration require that objections to the proceedings of an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts." *Id.* at 36, 73 S.Ct. at 68; *see also Alabama v. United States Environmental Protection Agency,* 911 F.2d 499, 504 (11th Cir.1990) (holding that two allegations were not properly before the court because they were not raised on appeal before the agency).

This policy prohibits the Court from reviewing the allegations raised by plaintiff in Count One of his complaint. On the day after plaintiff's answer was due, his attorney made a written request for a hearing, but did not allege that plaintiff previously requested a hearing. More significantly, when plaintiff filed his first motion to reopen the rescission proceedings he did not mention the oral request. This Court "should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *L.A. Tucker Truck Lines,* 344 U.S. at 36, 73 S.Ct. at 69. Because this objection was not brought before the agency in plaintiff's first motion to reopen, the Court cannot consider the allegation, and Count One must be dismissed. Count Two similarly fails. When plaintiff filed his motion to reopen he did not allege that his request was sent in late because he received a copy of the Notice of Intent by mail after he met with Glass and was initially served. The Court, therefore, should not review the agency's failure to consider that argument.

Plaintiff notes that he did allege that he orally requested a hearing in his second motion to reopen proceedings. Furthermore, he asserted that a copy of the Notice of Intent was sent to him after his meeting with Glass when he appealed the immigration judge's decision. Even if the Court considers this information, however, plaintiff fails

to state a claim upon which relief can be granted. The INS regulation concerning motions to reopen states that such motions will not be granted unless the motion offers material information that "was not available and could not have been discovered or presented" previously. 8 C.F.R. § 246.8. Plaintiff did not then and does not now allege that the information he presents was not available when he first contested the proceedings, and as a result, he fails to plead facts sufficient to support his first two claims.

Finally, in Count Three, plaintiff does not allege that his constitutional rights were violated or that Fischer failed to abide by agency regulations. To the contrary, in that count plaintiff simply contends that the agency abused its discretion by strictly interpreting its own rules. An agency, however, does not abuse its discretion by following its regulations. Thus, plaintiff fails to state a claim upon which relief can be granted as to Count Three, and accordingly, defendants' motion to dismiss [11] is GRANTED.[4]

It is so ORDERED.

4. Also pending is defendants' motion for oral argument [16]. Oral argument was held on December 18, 1995 and the motion is DENIED AS MOOT.